# UNITED STATES DISTRICT COURT

## District of Oregon

FILED 27 NOV '23 10:21 USDC-ORP

Myron Keith Carter

   *Petitioner*

v.

Case No. 3:23-cv-1757 JE
*(to be assigned by the Clerk of Court)*

Israel Jacquez

   *Respondent*
*(name of warden or authorized person having custody of petitioner)*

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1. (a) Your full name: **Myron Keith Carter**

   (b) Other names you have used:

2. Place of confinement: **Bureau Of Prisons**

   (a) Name of institution: **FCI Sheridan Camp**

   (b) Address: **P.O. Box 6000**
   **Sheridan, Oregon 97378**

   (c) Your identification ("SID") number: **79267-112**

3. Are you currently being held on orders by:

   ☒ Federal authorities    ☐ State authorities    ☐ Other - explain:

4. Indicate that you are currently:

   ☐ A pretrial detainee (waiting for trial on criminal charges)

   ☒ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime

   If you are currently serving a sentence, provide:

   (a) Name and location of the court that sentenced you: **United States Distict Court, District of Western Louisiana**

   (b) Docket number of criminal case: **5:19-cr-00300-6**

   (c) Date of sentencing: **12-06-2021**

   ☐ Being held on an immigration charge

   ☐ Other *(explain)*:

## Decision or Action You Are Challenging

5. Indicate what you are challenging in this petition:

☒ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

☐ Pretrial detention

☐ Immigration detention

☐ Detainer

☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

☐ Disciplinary proceedings

☐ Other *(explain)*:


6. Provide more information about the decision or action you are challenging:

   (a) Name and location of the agency or court: **Bureau of Prisons, FCI Sheridan Camp, Sheridan, Oregon 97378**

   (b) Docket number, case number, or opinion number: **Not applicable**

   (c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:
   **Refusal to aplly earned FSA Time Credits post-sentencing**

   (d) Date of the decision or action: **November 2023**

## Your Earlier Challenges of the Decision or Action

7. **First appeal**

   Did you appeal the decision, file a grievance, or seek an administrative remedy?

   ☐ Yes          ☒ No

   (a) If "Yes," provide:

   (1) Name of the authority, agency, or court:

   (2) Date of filing:

   (3) Docket number, case number, or opinion number:

   (4) Result:

   (5) Date of result:

   (6) Issues raised:

(b) If you answered "No," explain why you did not appeal: **Pursuant to Huihui v Derr (US Dist Court. Hawaii, June 2023), Honorable Judge Otake ruled pursuit of administrative remedies on this issue would be futile.**

8. **Second appeal**

   After the first appeal, did you file a second appeal to a higher authority, agency, or court?

   ☐ Yes       ☒ No

   (a) If "Yes," provide:

   (1) Name of the authority, agency, or court:

   (2) Date of filing:

   (3) Docket number, case number, or opinion number:

   (4) Result:

   (5) Date of result:

   (6) Issues raised:

   (b) If you answered "No," explain why you did not file a second appeal:     **See 7b**

9. **Third appeal**

   After the second appeal, did you file a third appeal to a higher authority, agency, or court?

   ☐ Yes       ☒ No

   (a) If "Yes," provide:

   (1) Name of the authority, agency, or court:

   (2) Date of filing:

   (3) Docket number, case number, or opinion number:

   (4) Result:

   (5) Date of result:

   (6) Issues raised:

(b) If you answered "No," explain why you did not file a third appeal:  **See 7b**

10. **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☒ Yes ☒ No MC

If "Yes," answer the following:

(a) Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

☐ Yes ☐ No

If "Yes," provide:
(1) Name of court:
(2) Case number:
(3) Date of filing:
(4) Result:
(5) Date of result:
(6) Issues raised:

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes ☐ No

If "Yes," provide:
(1) Name of court:
(2) Case number:
(3) Date of filing:
(4) Result:
(5) Date of result:
(6) Issues raised:

(c)  Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence:

11. **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☒ Yes            ☒ No m C

If "Yes," provide:

(a) Date you were taken into immigration custody:

(b) Date of the removal or reinstatement order:

(c) Did you file an appeal with the Board of Immigration Appeals?

☐ Yes            ☐ No

If "Yes," provide:

(1) Date of filing:

(2) Case number:

(3) Result:

(4) Date of result:

(5) Issues raised:

(d) Did you appeal the decision to the United States Court of Appeals?

☐ Yes            ☐ No

If "Yes," provide:

(1) Name of court:

(2) Date of filing:

(3) Case number:

(4) Result:

(5) Date of result:

(6) Issues raised:

12. **Other appeals**

    Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

    ☐ Yes    ☐ No

    If "Yes," provide:

    (a) Kind of petition, motion, or application:

    (b) Name of the authority, agency, or court:

    (c) Date of filing:

    (d) Docket number, case number, or opinion number:

    (e) Result:

    (f) Date of result:

    (g) Issues raised:

**Grounds for Your Challenge in This Petition**

13. State every ground that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:**   The Respondent and his staff are not properly calculating FSA Time Credits according to the law and recent legal challenges that allowing inmates to earn and apply these Credits. The Petitioner is owed __55__ days based on the refusal to apply Credit from the time he was in Bureau of Prisons custody.

(a) Supporting facts *(Be brief. Do not cite cases or law)*:

**See attached page 8A**

(b) Did you present Ground One in all appeals that were available to you?
☒ Yes         ☐ No

**GROUND TWO:**

(a) Supporting facts *(Be brief. Do not cite cases or law)*:

(b) Did you present Ground Two in all appeals that were available to you?
☐ Yes         ☐ No

**GROUND THREE:**

(a) Supporting facts *(Be brief. Do not cite cases or law)*:

(b) Did you present Ground Three in all appeals that were available to you?
☐ Yes         ☐ No

## Supporting Facts

The Petitioner should be allowed to earn and apply FSA Time Credits from the time he was sentenced and in Bureau of Prisons custody until the completion of his sentence. The Bureau of Prisons adopted a policy to deny FSA Time Credit denial contrary to the written law (First Step Act, 2018). When the Bureau of Prisons was finally forced to apply the earned Time Credits on January 19, 2022, the policy to deny Time Credits during transfer was challenged. Two recent 9th Circuit cases (Patel v. Barron, Case No. C23-937, 2023 US Dist Lexis 174601, WD Wash. September 28, 2023 and Huihui v. Derr, Case No 22-00541, 2023 US Dist Lexis 106532, Hawaii, June 20, 2023) addressed this issue and awarded inmates Time Credits during transfer.

The Huihui decision has a number of components that are applicable to this case as well as indicate the Bureau of Prisons' misunderstanding of the law. Honorable Judge Jill Otake ruled in Huihui that "According to the BOP, Petitioner had not been designated to a BOP facility at the time Respondent filed her Response. See Robl Decl., ECF 13-1 at 4-5. Nonetheless, the **Court concludes she was eligible to start earning FSA ETCs under Section 3585(a) on her October 26, 2022 sentencing date, i.e., the date Petitioner was received in custody awaiting transportation to the official detention facility at which the sentence is to be served**". Having issued this ruling on June 20, 2023 in the United States District Court of Hawaii, FCI Sheridan issued a bulletin on November 20, 2023 completely contradicting the Honorable Judge's Order. The bulletin states that an inmate cannot receive FSA Time Credits post-conviction and prior to arrival at the facility where the inmate is to serve their sentence. It is completely disingenuous to suggest that the Bureau of Prisons is not aware of Honorable Judge Otake's ruling, but choses to ignore it in favor of depriving inmates FSA Time Credits without any basis in the law.

The Petitioner was in compliance before and during transfer to qualify for the earned Time Credits. As such, they should be applied.

## Exhaustion Requirement

Additionally, in the cases mentioned above, the 9th Circuit Courts addressed the exhaustion requirement associated with seeking relief. In Huihui v Derr, the court excused exhaustion because "further pursuit would be a futile gesture because there is an error in [the BOPs] understanding of when Petitioner can begin earning credits under 18 USC 3632(d)(4)(B) and 3632(a) [A]ny further administrative review would not preclude the need for judicial review".

Currently before the United States District Court of Oregon are a host of cases (Jacquez versus Shipe, Dittmar, Aguilar, Norton, Street and quite a few others) involving the lengths that the Respondent has gone to to thwart the administrative remedy process. This alone makes a strong argument for excusing the lack of exhaustion if the aforementioned case law did not exist. The Respondent and his staff have ignored administrative remedy submissions on over 50 cases in 2023 leaving inmates no choice but to file with the federal courts.

**GROUND FOUR:**

(a) Supporting facts *(Be brief. Do not cite cases or law.)*

(b) Did you present Ground Four in all appeals that were available to you?
☐ Yes            ☐ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not:

### Request for Relief

15. State what you want the Court to do:   **Order the Respondent to calculate and apply ALL earned FSA Time Credits from the date that the Petitoner was sentenced and detained.**

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:*

**November 21, 2023**

I declare under penalty of perjury that I am the petitioner. I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date  **November 21, 2023**

_Signature of Petitioner_

_Signature of Attorney or other authorized person, if any_

* As noted in the instructions to this form (at #6), if you are incarcerated at Snake River Correctional Institution, you must comply with the requirements of the E-Filing Program posted at the institution and set forth in Standing Order 2019-7. Accordingly, you must submit your filings in this case to Snake River Correctional Institution staff for scanning and electronic submission, instead of mailing the filing using the U.S. Postal Service. Please indicate the date you submitted this petition to Snake River Correctional Institution staff for scanning and electronic submission, if you are incarcerated there

MYRON Carter
Reg. No.: 79267-112
Federal Prison Camp
P.O. Box 6000
Sheridan, Oregon 97378



PORTLAND OR
24 NOV 2023 PM 3

United States District Court
Attn: Clerk of Court
1000 SW Third Avenue Room 740
Portland, Oregon 97204

97204-293790